# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES MORRIS SELLERS,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:17cv00060 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LIEUTEANT J. BOWLES,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

James Morris Sellers, an inmate formerly incarcerated at United States Penitentiary Lee, ("USP Lee"), in Jonesville, Virginia,[1] filed this action *pro se* requesting monetary damages for his placement in ambulatory restraints, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Sellers raises three claims against Lieutenant Bowles and Warden Ratledge, employees of the Federal Bureau of Prisons ("BOP"), alleging: (1) defendants caused him to be placed in full-body restraints without justification for "a period in excess of ten days"; (2) defendants violated BOP policy by placing him in restraints; and (3) his placement in restraints constituted torture under 18 U.S.C. § 2340(1). Compl. 3, Dkt. No. 1.

Defendants filed a joint Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dkt. No. 20-1. In support of their motion, defendants submit various prison records and sworn affidavits. Sellers responded in opposition to defendants' motions, and this matter is ripe for disposition. Dkt. No. 20. Defendants presented materials outside of the pleadings for consideration, and thus I will treat defendants' motion as one for summary judgment. Fed. R. Civ. P. 12(d). For the reasons that follow, I will grant defendants' motions for summary judgment.

## I.

In his verified complaint, Sellers alleges that, on December 29, 2015, Warden Ratledge and Lt. Bowles caused him to be placed in full-body restraints, rendering him unable to move his

---

[1] Sellers is currently incarcerated at USP Terre Haute in Indiana.

arms and legs or to attend to his daily bodily needs of using the bathroom, showering, or eating. Warden Ratledge and Lt. Bowles placed him in "total isolation" by enclosing him in a cell away from other prisoners. Sellers alleges he was placed in restraints outside of BOP policy without justification, and there was no "probable cause" to leave him that way "for a period in excess of ten days." As a result of being placed in restraints, Sellers alleges he suffered extreme pain, mental fatigue, and wounds to his body, from which he continues to experience pain, anxiety, and depression.

In their motion for summary judgment, Warden Ratledge and Lt. Bowles assert Sellers was placed in ambulatory restraints because he became disruptive when he refused to leave the Special Housing Unit law library and share a cell with another inmate. After Sellers repeatedly refused to take a cellmate or comply with prison staff orders the morning of December 29, 2015, Lt. Bowles notified the Acting Captain, who received authorization to use a force team. The force team placed Sellers in soft ambulatory restraints. Sellers remained in the restraints until January 6, 2016, because he continued to refuse to take a cellmate. Defendants submit that, during the whole time Sellers was in restraints, he received regular safety checks, mental and physical health checks, Lieutenant checks, and a forty-eight hour review panel, as required by BOP policy. None of the prison staff performing the checks recommended Sellers be moved from his restraints until January 6th, when medical staff recommended removal due to a small ulcer on his ankle and a swollen hand. At the time of his removal, he was still noncompliant and was removed solely at the recommendation of medical staff.

On February 1, 2016, Sellers filed an Administrative Remedy complaining of his placement in restraints and his resulting injuries. Warden Ratledge noted receipt of Sellers' complaint on February 16, 2016, and rejected it at the institutional level as untimely. Sellers appealed the rejection with the Regional Office on March 7, 2016 and again on April 4, 2016, in

2

two additional Administrative Remedies. However, Sellers did not provide a copy of his initial institutional Remedy and was untimely, and the two appeals were rejected. On April 25, 2016, Sellers appealed the two rejections by filing another Administrative Remedy. This appeal was rejected by the Central Office, and Sellers was notified that his Remedy was untimely and that he would need to file a "staff memo" at the institutional level to explain why his Remedy was untimely in order for the initial Remedy to be accepted.

On June 17, 2016, Seller's new prison institution received an additional Administrative Remedy in which Sellers sought to have his February 16, 2016 Remedy accepted. This Administrative Remedy was also rejected as untimely. On July 14, 2016, Sellers appealed the rejection by filing another Administrative Remedy with the Regional Office. The appeal was denied. On August 15, 2016, Sellers appealed again, filing an Administrative Remedy with the Central Office. However, the Central Office concurred with the lower level rejections that Sellers' previously filed Remedies were all untimely.

For his injuries, Sellers seeks monetary damages in the amount of $1,000,000.

## II.

A civil rights claim under *Bivens* is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim.[2] *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). To state a claim under *Bivens*, the plaintiff must show that the defendants, acting under color of Federal law, deprived him of a constitutionally protected interest. *Middlebrooks v. Leavitt*, 525 F.3d 341, 350 (4th Cir.

---

[2] To the extent Sellers brings claims for money damages against the defendants in their official capacities, those claims fail. "[*Bivens*] liability is personal[.]" *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Although *Bivens* actions allow for recovery of money damages against federal officials in their individual capacities, "*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." *Reinbold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Accordingly, I grant summary judgment for defendants with respect to these claims.

2008); *Brown*, 250 F.3d at 800. Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, in order to allow for the development of a potentially meritorious claim, federal courts must construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted); *see Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). However, "[a] *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted).

### III.

Sellers alleges Warden Ratledge and Lt. Bowles violated federal laws and BOP policy. Defendants contend that Sellers failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). A prisoner must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy, or effective, *Porter*, 534 U.S. at 524, and even if exhaustion would be futile because those remedies would not provide the relief the inmate seeks, *Davis v. Stanford*, 382 F. Supp. 2d 814, 818 (E.D. Va. 2005). Failure to exhaust all levels of administrative review will bar an inmate's *Bivens* action. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure before filing his *Bivens*

4

action. *See id*. at 90-94 (finding inmate's untimely grievance was not "proper exhaustion" of available administrative remedies under § 1997e(a)). Failure to exhaust is an affirmative defense that defendant has the burden of pleading and proving. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005).

An inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008). However, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

To fully exhaust a *Bivens* claim, a federal prisoner must properly submit his grievance through all levels of the BOP Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10, *et seq*. If the inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the complained incident. *Id.* § 542.14(a). If the institutional warden's response to the complaint is unsatisfactory to the inmate, he may appeal to the regional director within twenty calendar days of the warden's response. *Id.* § 542.15(a). If the inmate is not satisfied with the regional director's response, he may file within thirty calendar days a final administrative appeal to the BOP's General Counsel. *Id.*

The record shows that Sellers did not properly exhaust his administrative remedies. While he filed numerous administrative complaints and appeals regarding the denial of his complaints, none were timely. Sellers also fails to demonstrate that the administrative remedy process was otherwise unavailable to him. Accordingly, defendants have met their burden in proving that Sellers did not exhaust available administrative remedies prior to filing this action. I will grant defendants' motion for summary judgment as to all claims.

## IV.

For the foregoing reasons, I grant defendants' motion for summary judgment.[3]

An appropriate order will be entered this day. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER:** This  14th  day of September, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In Sellers' response to defendants' motion for summary judgment, he asserts his due process rights were violated by his placement in ambulatory restraints. To the extent he raises a new claim in his response brief, I will also dismiss this claim for failure to exhaust.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES MORRIS SELLERS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:17cv00060 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LIEUTEANT J. BOWLES, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

In accordance with the memorandum opinion entered this day, it is hereby **ORDERED** that defendants' motion for summary judgment (Docket No. 20) is **GRANTED**.

The Clerk of the Court is directed to send a copy of this order and accompanying memorandum opinion to the parties.

**ENTER:** This  14th  day of September, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE